**NOT FOR PUBLICATION**



**FILED**

MAR 31 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SEI Y. KIM, an individual, | No. 15-56486 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-04270-RSWL-RAO |
| v. | |
| TRUCK INSURANCE EXCHANGE, a California entity, | MEMORANDUM[*] |
| Defendant, | |
| and | |
| PEERLESS INSURANCE COMPANY, a New Hampshire corporation, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Ronald S.W. Lew, District Judge, Presiding

Argued and Submitted March 9, 2017
Pasadena, California

Before: PAEZ, BERZON, and CHRISTEN, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Sei Kim appeals the district court's order granting summary judgment on his claim against Peerless Insurance Company for breach of the duty to defend.[1]  We have jurisdiction under 28 U.S.C. § 1291 and review de novo the district court's grant of summary judgment.  *See Stanford Univ. Hosp. v. Fed. Ins. Co.*, 174 F.3d 1077, 1082–83 (9th Cir. 1999).  We review de novo the district court's interpretation of the insurance contract at issue.  *Id.* at 1083.  For the following reasons, we affirm.

1.  At the time Peerless determined that it no longer had a duty to defend, the only remaining issue in the case was the calculation of damages for false patent marking in violation of 35 U.S.C. § 292.  Kim argues that the relevant insurance policy covered claims for false patent marking.  Where an insured relies only on unresolved legal issues to argue a duty to defend existed, "the insurer has no liability to the insured" if the legal issues are ultimately resolved so as to preclude coverage.  *Hyundai Motor Am. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 600 F.3d 1092, 1097 (9th Cir. 2010); *see also Lebas Fashion Imps. of USA, Inc. v. ITT Hartford Ins. Grp.*, 59 Cal. Rptr. 2d 36, 40 (Cal. Ct. App. 1996) ("[I]t is settled that a potential for coverage cannot be based on an unresolved legal dispute concerning

---

[1]      At the request of Kim and Truck Insurance Exchange, the district court entered a stipulated judgment in favor of Truck binding the parties to the outcome of this appeal.

policy interpretation which is ultimately resolved in favor of the insurer."). The only issue on appeal is whether, based on the facts found by the district court after a bench trial on the underlying disputes, the insurance policy actually covered the false patent marking claim.

2. Kim argues that Peerless had a duty to defend against the false patent marking claim because the insurance policy covers claims for "advertising injury." The policy defines "advertising injury," in relevant part, as injury arising out of "[o]ral, written, televised, electronically transmitted, or videotaped publications of material that . . . disparages a person's or organization's goods, products or services" or "use of another's advertising idea in [the insured's] 'advertisement.'" The policy defines "advertisement" as "a notice that is broadcast or published to the general public or specific market segments about [the insured's] goods, products or services for the purpose of attracting customers or supporters."

The advertising injury provision in the Peerless policy did not cover Kim's false patent marking claim against Cyclone USA, Inc. The false patent mark at issue, "Patented. Made in USA," did not constitute disparagement because it did not expressly or impliedly refer to the plaintiff's product. *See Hartford Cas. Ins. Co. v. Swift Distrib., Inc.*, 326 P.3d 253, 266 (Cal. 2014) (holding that the label "patent-pending" was not disparaging because it was "not specific enough to call

3

into question [the competitor's] proprietary rights in his product or to suggest that the [the defendant's product] ha[d] any unique feature that [was] an 'important differentiator' between competing products" (citation omitted)).

Nor did the false mark "involve any process or invention which could reasonably be considered an 'advertising idea.'" *See Hyundai*, 600 F.3d at 1100 (quoting *Mez Indus., Inc. v. Pac. Nat'l Ins. Co.*, 90 Cal. Rptr. 2d 721, 733 (Cal. Ct. App. 1999)). Kim never alleged that the mark was a "violation of a method patent involving advertising ideas or a style of doing business." *Homedics, Inc. v. Valley Forge Ins. Co.*, 315 F.3d 1135, 1141 (9th Cir. 2003). The false patent marking claim did not involve "wrongful taking of the *manner or means* by which another advertises its goods or services." *Lebas*, 59 Cal. Rptr. 2d at 44 (emphasis in original). The mark was instead a false claim that the product had been patented and made in the United States. Even if the mark intentionally copied an element of the plaintiff's product, copying a product is not sufficient to prove misappropriation of an advertising idea. *See Oglio Entm't Grp., Inc. v. Hartford Cas. Ins. Co.*, 132 Cal. Rptr. 3d 754, 763 (Cal. Ct. App. 2011).

3. Kim failed to show that Peerless waived the right to deny coverage. He points to no acts by Peerless that show intentional relinquishment of the right to deny coverage, nor acts that "are so inconsistent with an intent to enforce the right

4

as to induce a reasonable belief that such right has been relinquished." *See Waller v. Truck Ins. Exch., Inc.*, 900 P.2d 619, 637 (Cal. 1995) (quoting *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1559 (9th Cir. 1991)).

4.  Kim failed to show that Peerless was estopped from denying coverage. Estoppel cannot create coverage where none exists. *Advanced Network, Inc. v. Peerless Ins. Co.*, 119 Cal. Rptr. 3d 17, 27 (Cal. Ct. App. 2010).  Additionally, Kim produced no evidence of detrimental reliance. *See Miller v. Elite Ins. Co.*, 161 Cal. Rptr. 322, 330–31 (Cal. Ct. App. 1980).

Appellant shall bear costs on appeal.

**AFFIRMED.**